# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SALDANA,<br><br>    Petitioner,<br><br>    v.<br><br>M. SPEARMAN,<br><br>    Respondent. | No. 2:19-CV-0896-MCE-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Petitioner's petition for a writ of habeas corpus (ECF No. 1).

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

        When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49

F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").  Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ___ F.3d __, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

When a habeas corpus action is filed which states claims cognizable under § 1983, the district court may recharacterize the action as a civil rights action where the action is amenable to such recharacterization.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc).  A habeas action is amendable to recharacterization when it names the correct defendants and seeks the correct relief.  See id.  If the district court is inclined to recharacterize a habeas action as a civil rights action, it may only do so after "notifying and obtaining informed consent from the prisoner."  Id.

Here, Petitioner's claim does not relate to the legality of his custody—either the fact of confinement or the duration of confinement.  Rather, Petitioner is challenging conditions of his confinement.  Specifically, Petitioner is dissatisfied with the administrative appeals process concerning staff misconduct and alleges deficiencies with staff assistance required to access the court system.  Petitioner also alleges prison officials were withholding his legal mail.  Petitioner asserts these actions violated his Sixth and Fourteenth Amendment rights.  These claims in no way implicate Petitioners custody or the duration of his confinement.  As such they are not properly before the Court under a section 2254 habeas petition.

This, however, does not foreclose Petitioner from filing a section 1983 suit

alleging violations of his constitutional rights related to the conditions of his confinement. This Court declines to recharacterize the petition as a section 1983 civil rights action as it does not name the correct defendant(s) and the relief sought is unclear. For these reasons, this Court recommends Petitioner's petition be summarily dismissed for failing to state a cognizable habeas claim.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (ECF No. 1) be summarily DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 18, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE